## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHEASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AMERICAN MODERN PROPERTY AND CASULTY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ANTOINETTE FERNANDO, <br> Serve at: <br>   2566 Stone Ridge Dr. <br>   Poplar Bluff, Missouri 63901 <br><br> and <br><br> JOSEPH FERNANDO, M.D. <br> Serve at: <br>   2566 Stone Ridge Dr. <br>   Poplar Bluff, Missouri 63901 <br><br> and <br><br> R.K. as Next Friend of C.K., <br> Serve at: <br>         Defendants. | Case No.: |

## COMPLAINT

COMES NOW Plaintiff, American Modern Property and Casualty Company, by and through its attorneys of record, Hall Ansley, P.C., and for its Complaint in Declaratory Judgment against the above-captioned Defendants, states and alleges as follows:

## PARTIES

1. Plaintiff, American Modern Property and Casualty Insurance Company ("AMP&C"), is a corporation organized under the laws of the State of Ohio with its principal place of business in Amelia, Ohio. AMP&C is a citizen of the State of Ohio.

1

2.     Defendant Antoinette Fernando ("Antoinette Fernando") is an individual who resides in Poplar Bluff, Missouri.

3.     Defendant Joseph Fernando, M.D. ("Joseph Fernando") is an individual who resides in Poplar Bluff, Missouri.

4.     Defendant R.K. ("R.K.") is the natural mother of C.K., a minor. R.K. was appointed as Next Friend of C.K. for purposes of asserting a tort action against Antoinette and Joseph Fernando, among others, in the Circuit Court of Scott County, Missouri. R.K. is named as a Defendant in this action because she is the representative of the injured party and is a named party in the underlying litigation. R.K. may attempt to assert rights under the insurance policy contracts at issue in this litigation and is therefore named as a party defendant. On information and belief, both R.K. and C.K. are residents of the state of Missouri.

## JURISDICTION AND VENUE

5.     Jurisdiction in this Court is properly conferred with respect to the allegations set forth herein under 28 U.S.C. § 2201 and § 1332 *et seq*. This case involves citizens and entities of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

6.     This Court further has jurisdiction over this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, because AMP&C seeks a judgment declaring that it does not owe a duty to defend or indemnify either Antoinette or Joseph Fernando under policies of insurance issued by AMP&C as to any claims made in a lawsuit

brought by or on behalf of C.K. arising from incidents of sexual abuse allegedly perpetrated by Joseph Fernando.

## FACTUAL BACKGROUND

7. On or about June 4, 2021, by way of a Petition for Damages, R.K., as next friend of C.K., initiated a claim against Joseph and Antoinette Fernando for alleged incidents of sexual abuse and molestation of C.K. at Joseph Fernando's home over a course of years ("the Lawsuit").

8. R.K. seeks economic and non-economic damages on account of the events underpinning the Lawsuit.

9. R.K.'s Lawsuit is venued in the Circuit Court of Scott County, Missouri. A true and correct copy of the current First Amended Petition for Damages is attached hereto as **Exhibit A**.

10. Among other things, the First Amended Petition alleges that Joseph Fernando used his "position of trust and power of his minor patient, [C.K.] to groom, molest, sexually abuse, and assault [C.K.], multiple times, during the years 2019 and 2020."

11. The First Amended Petition further alleges that Joseph Fernando was "bringing [C.K.] to work with him on a frequent basis, not for medical treatment, and was developing an inappropriate relationship with [C.K.]."

12. The underlying Petition also alleges that Antoinette Fernando: a) knew of Joseph Fernando's propensity to "sexually abuse minor children"; b) knew or should have known that C.K. was in her home with Joseph Fernando and was being sexually abused by Joseph Fernando while she was there; and c) breached her duty and was negligent by failing

to supervise and properly care for and protect C.K. from the sexual contact perpetrated by Joseph Fernando.

13. R.K. has asserted a single count of negligent supervision of a child ("Count III") against Antoinette Fernando.

14. R.K. has asserted a single count of negligence ("Count IV") against Joseph Fernando.

15. The claims asserted against Joseph and Antoinette Fernando are based in Missouri law.

16. The Lawsuit also alleges that Joseph Fernando "violated his duty to [C.K.] by grooming, manipulating, sexually abusing, molesting and communicating with [C.K.] in a sexual way."

17. After being served with the Lawsuit, Antoinette Fernando tendered the same to AMP&C seeking defense and indemnification under two (2) separate policies of insurance provided by AMP&C. AMP&C has offered Antoinette Fernando a defense under a reservation of rights.

18. A controversy of justiciable nature has arisen as to whether AMP&C has a duty to defend and/or indemnify Joseph and Antoinette Fernando under the applicable insurance policies.

19. AMP&C has therefore commenced this action pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 *et seq.* seeking declaratory relief from this Court.

## AMP&C'S INSURANCE POLICIE

20. At all times material, Joseph and Antoinette Fernando were insured under Homeowner's policies of insurance related to two separate properties: a) 601 Forest Meadow Ct., Defiance Missouri 63341-1817 (Policy No. 100-981-899) ("Forest Meadow Policy"); and b) 2566 Stone Ridge Dr., Poplar Bluff, Missouri 63901-2169 (Policy No. 100-981-897) ("Stone Ridge Policy"). A copy of the Forest Meadow Policy is attached as **Exhibit B**. A copy of the Stone Ridge Policy is attached as **Exhibit C**.

21. The Stone Ridge Policy has a personal liability limit of $500,000. The Forest Meadow Policy has a personal liability limit of $500,000.

22. In both the Stone Ridge Policy and the Forest Meadow Policy, Section II addresses Liability Coverages and in particular, Coverages E and F state as follows at pages B 13-14 and C 13-14:

> *COVERAGE E - Personal Liability*
> *If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:*
>
> > *1. Pay up to our limit of liability for the damages for which the **insured** is legally liable. . . .; and*
> >
> > *2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the **occurrence** equals our limit of liability.*
>
> *COVERAGE F - Medical Payments To Others*
> *We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an **occurrence** causing **bodily injury**.*

*Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to you or regular residents of your household other than residence **employees**. As to others, this Coverage applies only:*

> *1. To a person on the **insured location** with the permission of an **insured**; or*
>
> *2. To a person off the **insured location**, if the **bodily injury**:*
> *a. Arises out of a condition on the **insured location** or the ways immediately adjoining;*
> *b. Is caused by the activities of an **insured**;*

23. On pages B 4 and C 4of the Stone Ridge Policy and Forest Meadow Policies, there are relevant definitions relating to the Lawsuit. They are as follows:

**DEFINITIONS**

> *In this policy, you and your refer to the named **insured** shown in the Declarations and the spouse if a resident of the same household. We, us and our refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:*
>
> *. . .*
>
> *3. **Bodily injury** means bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom.*
>
> *. . .*
>
> *7. **Insured** means you and residents of your household who are:*
>
>> *a. Your relatives;*
>> *b. Other persons under the age of 21 and in the care of any person named above; or*
>> *c. A student enrolled in school full-time, as defined by the school, who was a resident of your household before moving out to attend school, provided the student is under the age of 24 and your relative, or 21 and in your care or the care of a resident of your household who is your relative.*

6

. . .

**10**. **Occurrence** *means an accident, including continuous or repeated exposure to conditions, that results, during the policy period, in:*

   *a*. **Bodily injury***; or*
   *b*. **Property damage**

24. Both the Forest Meadow Policy and the Stone Ridge Policy only provide coverage for claims for damages against an insured arising from an occurrence. An occurrence is defined as an "accident."

25. The insuring agreement for liability coverage under both the Forest Meadow Policy and Stone Ridge Policy is subject to various exclusions. These are set forth in Section II – Exclusions. Subsections (g), (h) (**Exhibits B & C, B 15 and C15**) and the Special Provision as set forth in the endorsement of Special Provisions – Missouri contain pertinent language. These exclusions read as follows:

   *SECTION II – EXCLUSIONS*

   *1. COVERAGE E - Personal Liability and COVERAGE F - Medical Payments To Others* *do not apply to* **bodily injury** *or* **property damage**:

   ***a.*** *That is expected or intended by an* ***insured***
   . . .

   ***c***. *Arising out of the rendering or failing to render professional services;*

   . . .

   ***g***. *Arising out of:*

   *(1) Assault or battery committed by, or at the instigation or direction of, any* ***insured***, *any employee of any* ***insured***, *or any*

7

> *other person;*
> *(2) Any act or omission by any **insured**, any employee of any **insured**, or any other person, in connection with the suppression or prevention of an assault or battery; or*
> *(3) Any assault or battery resulting from or arising out of the negligent hiring, supervision or training of any employee of an **insured**;*
>
> . . .
>
> ***h**. Arising out of physical, mental, sexual abuse or molestation, or immoral or sexual behavior, whether caused by, at the instigation of, at the direction of, or omission by, any **insured**, any employee of any **insured**, or any other person;*

. . .

***Special Provisions – Missouri (Endorsement H1MO-A-0001 11-17)***

***SECTION II – EXCLUSIONS (Exhibits B & C, pgs. B45 and C44)***
***1. COVERAGE E - Personal Liability and COVERAGE F – Medical Payments To Others***

> *The following paragraphs are added:*
>
> ***o**. Arising out of failure to supervise or the negligent supervision of a person that results in one or more of the excluded events in **h., i.** and **j.** above.*

26. Pursuant to the above language, and other potentially relevant policy provisions, AMP&C has no duty to defend and no duty to indemnify either Joseph Fernando or Antoinette Fernando against the claims and allegations asserted by R.K. in the Lawsuit.

27. Prior to filing this Complaint, AMP&C offered Antoinette Fernando in writing to defend her interests under a reservation of rights and Antoinette Fernando has failed to respond to said offer and/or reject AMP&C's offer to provide a defense under a reservation of rights.

28. Certain other policy provisions, exclusions, conditions, or limitations may be applicable to this action. AMP&C reserves the right to rely upon these provisions, exclusions, condition, or limitations and/or amend its Complaint in Declaratory Judgment to include with other policy language, if necessary, as this litigation continues.

## COUNT I – ALL INTERESTED PARTIES
## DECLARATORY RELIEF

29. AMP&C incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein *haec verba*.

30. The subject Stone Ridge and Forest Meadow policies do not apply to provide coverage to Joseph Fernando or Antoinette Fernando against the allegations in the underlying Lawsuit.

31. The terms, conditions, provisions, and exclusions of the subject policies do not afford coverage or protection to either Fernando against R.K.'s allegations. Therefore, AMP&C has no duty to defend or indemnify either Fernando in the underlying Lawsuit.

32. Neither the Stone Ridge Policy nor the Forest Meadow policy afford coverage for the damages sought by R.K. in the underlying lawsuit.

33. Based upon the foregoing, an actual controversy and dispute of a justiciable nature has arisen between AMP&C and the above-named Defendants, who are interested parties, and any others who may claim rights under the policy contracts at issue, as to the interpretation of terms, conditions, exclusions and provisions of the policies, as well as the coverage available under the policies in relation to the underlying lawsuit.

34. AMP&C seeks a determination and declaration from this Court that it has no duty to indemnify or defend either Antoinette or Joseph Fernando against the claims and allegations in the underlying lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays for the following relief:

a. that this Court determine and declare that AMP&C has no duty to defend or indemnify Joseph Fernando or Antoinette Fernando as against the claims and allegations asserted in the underlying Lawsuit; and

b. that this Court grant to AMP&C its costs herein incurred; and

c. that this Court award such other and further relief as it shall deem just and proper under the circumstances.

        **HALL ANSLEY, P.C.**
        By: /s/ *Deborah K. Dodge*
            DEBORAH K. DODGE, Mo. Bar No. 44478
            TIMOTHY A. RICKER, Mo. Bar No. 62050
            3275 E. Ridgeview St.
            Springfield, MO  65804
            Telephone:  (417) 890-8700
            Facsimile:   (417) 890-8855
            E-mail:  ddodge@hallansley.com
            E-mail:  tricker@hallansley.com
            *Attorneys for Plaintiff*