UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AMERICAN MODERN PROPERTY and CASUALTY COMPANY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   Case No. 1:23 CV 73 ACL |
| ANTOINETTE FERNANDO, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff American Modern Property and Casualty Company's ("American Modern") Motion for Summary Judgment (Doc. 40) in this insurance coverage dispute. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). This matter is fully briefed and ripe for disposition. For the following reasons, the Court will grant American Modern's Motion.

## **Procedural Background**[1]

Defendant Joseph Fernando, M.D., and his wife Defendant Antoinette Fernando reside in Poplar Bluff, Missouri. Defendant R.K. was appointed as Next Friend of minor C.K. for the purpose of pursuing litigation on behalf of C.K.

R.K. has initiated litigation in the Circuit Court of Scott County, Missouri, against Joseph Fernando and Antoinette Fernando, captioned as *C.K., a minor, by and through his natural mother*

---

[1]The Court's recitation of the facts is taken from Plaintiff's Statement of Uncontroverted Material Facts (Doc. 42) and Defendants' responses to such (Docs. 46, 48), with any disputes noted.

1

*R.K. v. Heartland Women's Healthcare MO, P.C, et al*, Case No. 21SO-CV01326 ("Underlying Case").  In the First Amended Petition for Damages filed in the Underlying Case ("Petition"), R.K. alleges that Joseph Fernando used his "position of trust and power of his minor patient, [C.K.] to groom, molest, sexually abuse, and assault [C.K.], multiple times, during the years 2019 and 2020."  (Doc. 36-1 at 5.)  The Petition also alleges that Antoinette Fernando knew of Joseph Fernando's propensity to "sexually abuse minor children" and failed to supervise and protect C.K. from the abuse perpetrated by Joseph Fernando.  *Id.* at 8.  R.K. has asserted a single count denominated "negligence" against Joseph Fernando.  *Id.* at 11.

Antoinette Fernando has sought defense and indemnification from American Modern under two separate policies of insurance.  American Modern offered Antoinette Fernando a defense under a reservation of rights.

American Modern filed this action pursuant to Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* seeking a judgment that it does not owe a duty to defend or indemnify either Antoinette or Joseph Fernando under the policies of insurance issued by American Modern as to the claims made in the Underlying Case.

### The Policies at Issue

Joseph and Antoinette Fernando were insured under homeowner's policies of insurance related to two separate properties: (1) 8601 Forest Meadow Ct., Defiance Missouri, Policy No. 100-981-899 ("Forest Meadow Policy"); and (2) 2566 Stone Ridge Dr., Poplar Bluff, Missouri, Policy No. 100-981-897 ("Stone Ridge Policy") (collectively, "Policies").  Each policy has a personal liability limit of $500,000.

Section II of the Policies addresses liability coverages and provides as follows in relevant part:

2

**COVERAGE E- Personal Liability**

If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damages caused by an occurrence to which this coverage applies, we will:
1. Pay up to our limit of liability for the damages for which the **insured** is legally liable…; and
2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the **occurrence** equals our limit of liability.

**COVERAGE F- Medical Payment to Others**

We will pay the necessary medical expenses that are incurred or medially ascertained within three years form the date of an **occurrence** causing **bodily injury**.

(Doc. 42-2 at 19-20; 42-3 at 19-20) (emphasis in original). The Policies define "occurrence" as: "an accident, including continuous or repeated exposure to conditions, that results, during the policy period, in "Bodily injury" or "Property damage." (Doc. 42-2 at 11; 42-3 at 11.)

The Policies are subject to various exclusions from coverage. The following exclusions are relevant to this action:

**SECTION II- EXCLUSIONS**

1. **COVERAGE E- Personal Liability and COVERAGE F- Medical Payments To Others** do not apply to **bodily injury** or **property damage**:
   a. That is expected or intended by an **insured**
      \*\*\*
   g. Arising out of:
      (1) Assault or battery committed by, or at the instigation or direction of, any **insured**, any employee of any **insured**, or any other person;
      (2) Any act or omission by any **insured**, any employee of any **insured**, or any other person, in connection with the suppression or prevention of an assault or battery; or

> (3)  Any assault or battery resulting from or arising out of the negligent hiring, supervision or training of any employee of an **insured**;
>
> h.  Arising out of physical, mental, sexual abuse or molestation or immoral or sexual behavior, whether caused by, at the instigation of, at the direction of, or omission by, any **insured**, any employee of any **insured**, or any other person;
> ***

>  **Special Provisions-Missouri (Endorsement H1MO-A-0001 11-17)**
>
>  SECTION II- EXCLUSIONS
>  1.  COVERAGE E- Personal Liability and COVERAGE F- Medical Payments To Others
>  The following paragraphs are added:
>
>  **o.**  Arising out of failure to supervise or the negligent supervision of a person that results in one or more of the excluded events in **h.**, **i.** and **j.** above.

(Doc. 42-2 at 20-21, 73; Doc. 42-3 at 20-21, 60) (emphasis in original).

## Discussion

### A.  Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir.1988). The movant "bears the initial responsibility of informing the district court of the basis for its motion" and must identify "those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation marks omitted).

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor.

4

*Id.* at 331.  The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial.  *Anderson*, 477 U.S. at 249.

Joseph Fernando did not file a response to Plaintiff's Motion for Summary Judgment, and the time for doing so has expired.  In this District, the movant's facts are deemed admitted if not specifically controverted by the party opposing the motion.  E.D. Mo. L.R. 4.01(E).  Nonetheless, where a plaintiff fails to respond to a motion for summary judgment, the Court should not treat this nonresponse as sufficient to dispose of the motion.  *Roland v. Wallace*, No. 1:14CV166 ACL, 2017 WL 1196426, at *2 (E.D. Mo. Mar. 31, 2017) (citing *Lowry v. Powerscreen USB, Inc.*, 72 F. Supp. 2d 1061, 1064 (E.D. Mo. 1999)).  "Courts should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken."  *Id*.  "In so ruling, even on an unopposed motion for summary judgment, the court should review the facts in a light most favorable to the party who would be opposing the motion."  *Id.*

## B. Plaintiff's Motion

Plaintiff American Modern argues it is entitled to summary judgment because the Policies do not require Plaintiff to defend or indemnify Joseph Fernando or Antoinette Fernando as to claims asserted by R.K. in the Underlying Action.  With regard to Joseph Fernando, Plaintiff contends that the claims asserted against him do not arise from an "occurrence" as that term is defined by the Policies.  Additionally, Plaintiff argues that various exclusions in the policies preclude coverage for Joseph Fernando's actions.  Plaintiff next argues that there is no duty to defend or indemnify Antoinette Fernando based on relevant exclusions.  Plaintiff contends that it is entitled to summary judgment as to any interest in the Policies claimed by R.K. as there is no coverage for either Joseph or Antoinette Fernando.  Finally, Plaintiff argues

that it is entitled to summary judgment on the defenses concerning waiver contained in Defendants' Answers.

As noted above, Joseph Fernando did not file a response to Plaintiff's Motion for Summary Judgment. Defendant R.K., as Next Friend of C.K., filed a Response in Opposition to Plaintiff's Motion for Summary Judgment. (Doc. 47.) Defendant Antoinette Fernando adopted and incorporated some of the arguments advanced by R.K. in opposition to Plaintiff's Motion for Summary Judgment. (Doc. 45.) R.K. first argues that Plaintiff's Motion should be denied because Plaintiff failed to present certified or verified copies of the Policies for this Court to consider. R.K. next argues that the unverified Policies do provide coverage for the alleged acts in the Underlying Action. Defendant therefore requests that the Court deny Plaintiff's Motion for Summary Judgment or, in the alternative, allow R.K. to conduct additional discovery to properly respond to Plaintiff's Statement of Facts.

Under Missouri law, which applies to this diversity action, a liability insurer has two distinct duties: the duty to defend and the duty to indemnify. *Trainwreck West, Inc. v. Burlington Ins. Co.*, 235 S.W.3d 33, 44 (Mo. Ct. App. 2007). The obligation of the insurer to defend arises only as to claims and suits for damages covered or potentially covered under the policy. *McCormack Baron Management Services, Inc. v. Am. Guarantee & Liab. Ins. Co.*, 989 S.W.2d 168, 170 (Mo. 1999). There is no duty to defend a suit where the facts fail to bring the case within the coverage of the policy. *Trainwreck*, 235 S.W.3d at 42. If there is no duty to defend, there is no duty to indemnify. *Id*. at 44.

"The duty to defend is determined by comparing the language of the insurance policy with the allegations in the complaint. If the complaint merely alleges facts that give rise to a claim potentially within the policy's coverage, the insurer has a duty to defend." *Interstate*

6

*Bakeries Corp. v. OneBeacon Ins. Co.,* 686 F.3d 539, 542 (8th Cir. 2012) (quoting *McCormack Baron,* 989 S.W.2d at 170–71).  In addition, the insurer is charged with knowledge of facts that demonstrate the possibility of coverage if those facts are known or are reasonably ascertainable. *E.g., Truck Ins. Exchange v. Prairie Framing, LLC,* 162 S.W.3d 64, 79 (Mo. Ct. App. 2005); *Standard Artificial Limb, Inc. v. Allianz Ins. Co.,* 895 S.W.2d 205, 210 (Mo. Ct. App. 1995).

    **1.  Defendant's Request for Discovery/Reservation of Rights**

R.K. first argues that Plaintiff's Motion for Summary Judgment is premature and "not in a position for this Court to rule on the coverage of the [Policies]."  (Doc. 47 at 6.)  R.K. requests that the Court extend the deadline to respond to Plaintiff's Motion to May 26, 2024, which is thirty days after the deadline for the completion of discovery.  Additionally, R.K. argues that Plaintiff has not provided the Court or the parties with properly verified copies of the Policies or sworn testimony of the accuracy of the attached Policies.  R.K. requests that Plaintiff's Motion should be denied on this basis.

In a related argument, R.K. argues that C.K. was not sent a reservation of rights letter and has no knowledge of whether the letter was properly sent to Antoinette Fernando and would have to conduct discovery on this issue.  *Id*. at 17. Defendant Antoinette Fernando joins in this argument.

Plaintiff argues that the Policies are properly before this Court and this matter is ripe. The undersigned agrees.

Federal Rule of Civil Procedure 56 provides that, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b).

This action was originally filed on May 1, 2023.  (Doc. 1.)  Copies of the Policies without certifications were attached to the Complaint.  (Docs. 1-2, 1-3.)  The Case Management Order ("CMO") provided that initial disclosures were to be made no later than August 24, 2023, and all discovery must be completed no later than April 26, 2024.  (Doc. 32.)  Plaintiff was granted leave to file the Amended Complaint on November 14, 2023.  (Doc. 35.)  The instant Motion for Summary Judgment was filed on December 21, 2023.  (Doc. 40.)

Generally, summary judgment is proper "only after the nonmovant has had adequate time for discovery." *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999) (internal quotation omitted).  Under Fed. R. Civ. P. 56(d), a court may defer or deny a motion for summary judgment if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  The party seeking further discovery pursuant to Rule 56(d) must demonstrate that (1) they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) the facts sought exist, and (3) these sought-after facts are essential to resist the summary judgment motion.  *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (citation omitted).

Defendant R.K. has submitted the Affidavit of Ryan D. Frazier, attorney for R.K.  (Doc. 47-2.)  Mr. Frazier states that, although the "produced policies are stamped 'certified,' I have not received any sworn statements or testimony confirming that the insurance policies provided to this Court are the certified Policies issued to Antoinette and Joseph Fernando…" *Id.* at 1.

Plaintiff responds that it attached copies of the Policies with certification stamps to its initial disclosures provided to Defendants on August 24, 2024.  Plaintiff states that, since then, "no defendant has served a single discovery request on American Modern."  (Doc. 51 at 5.)  Specifically, Plaintiff indicates that, as of its February 8, 2024, Response, no interrogatories have

8

been sent by C.K., Joseph Fernando, or Antoinette Fernando, and none of these defendants have sent a request for production or a request for a deposition.  In fact, Plaintiff notes that Antoinette Fernando's own initial disclosures admitted that the policies attached to the initial Complaint were those at issue in this case.  (Doc. 53-1 at 2.)  Similarly, Joseph Fernando admitted in his Answer to the Amended Complaint that the policies at issue were attached to the Amended Complaint.  (Doc. 39 at 2.)

The Court finds that the Policies are properly before this Court.  Plaintiff, Joseph Fernando, and Antoinette Fernando were parties to the insurance contracts and have admitted that the attached policies with certifications are true and correct.  As such, Defendant R.K.'s argument that the Motion for Summary Judgment should be denied on this basis lacks merit.

With respect to R.K.'s request for additional time to conduct discovery, the Court notes that Defendants have taken no action to challenge the attached policies or conduct discovery despite having ample time to do so.  As previously noted, this action was filed on May 1, 2023, and the instant Motion for Summary Judgment was filed on December 21, 2023—approximately three months after the deadline for initial disclosures.  Defendant R.K. has failed to demonstrate how the "sought-after facts are essential to resist the summary judgment motion." *Toben*, 751 F.3d at 895 (citation omitted).

R.K. and Antoinette Fernando contend that additional discovery is required on the issue of whether a reservation of rights letter was properly sent to Antoinette Fernando.  In response, Plaintiff has submitted the Supplemental Affidavit of Deborah K. Dodge, in which she states that she sent the reservation of rights letter attached to her original affidavit to Beth Boggs, the attorney for Antoinette Fernando in the Underlying Case.  (Doc. 51-2.)  Ms. Dodge states that the letter was sent via email on December 29, 2022, and via Federal Express on January 3, 2023.  *Id.*

9

at 1. She attached the Federal Express tracking information her office received showing that the letter was received by Beth Boggs' office on January 4, 2023. *Id.* at 3.

The undersigned finds that Plaintiff has shown that the reservation of rights letter was sent to Antoinette Fernando's counsel, and neither Antoinette nor Joseph Fernando have properly disputed this fact. Because it is undisputed that the letter was sent and the defenses to coverage have not been waived, additional discovery is not necessary regarding this issue.

In sum, Plaintiff's motion requires the Court to determine the issue of whether the Policies provide coverage for the claims presented in the Underlying Action. Everything essential to disposition of the Motion exists in the attached Policies and other pleadings. Thus, Defendants have had adequate time to conduct discovery necessary to respond to the instant Motion for Summary Judgment and their request for additional time to conduct discovery will be denied.

**2. Coverage of Joseph Fernando**

Plaintiff argues that it has no duty to defend or indemnify Joseph Fernando related to the claims in the Underlying Case because the language of the Policies clearly does not provide coverage for Joseph Fernando's sexual abuse and molestation of a minor child. Specifically, Plaintiff first argues that the damages do not stem from an "occurrence" as the term is defined in the Policy. Plaintiff next argues that Joseph Fernando's alleged acts are excluded from coverage. The undersigned will discuss these claims in turn.

"Interpretation of an insurance policy is a matter of state law," and for this determination "we are bound in our construction of Missouri law by the decisions of the Missouri courts." *Am. Family Mut. Ins. Co. v. Co Fat Le*, 439 F.3d 436, 439 (8th Cir. 2006). "Under Missouri law, the insured has the burden of proving coverage, and the insurer has the burden of proving that an

10

insurance policy exclusion applies." *Id*. (citing *Christian v. Progressive Cas. Ins., Co.*, 57 S.W.3d 400, 403 (Mo. Ct. App. 2001)).

Insurance policies are contracts to which the general rules of contract construction apply. *Todd v. Missouri United Sch. Ins. Council*, 223 S.W.3d 156, 160 (Mo. banc 2007). "The key is whether the contract language is ambiguous or unambiguous." *Id.* "Where insurance policies are unambiguous, they will be enforced as written absent a statute or public policy requiring coverage." *Peters v. Emp'rs. Mut. Cas. Co.*, 853 S.W.2d 300, 302 (Mo. banc 1993). Ambiguous language will be construed against the insurer. *Id.* In interpreting insurance policies, Missouri courts attempt to ascertain and give effect to the parties' intention, which is presumptively expressed by the plain and ordinary meaning of the contract provisions and read in context of the policy as a whole. *Gohagan v. Cincinnati Ins. Co.*, 809 F.3d 1012, 1015 (8th Cir. 2016). "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 751 F.3d 880, 883-84 (8th Cir. 2014) (quoting *Jones v. Mid–Century Ins. Co.*, 287 S.W.3d 687, 690 (Mo. banc 2009)). "Missouri courts apply the meaning that would be given to the policy by an 'ordinary person of average understanding if purchasing insurance.'" *W. Heritage Ins. Co. v. Asphalt Wizards*, 795 F.3d 832, 838 (8th Cir. 2015) (quoting *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. banc 2010) (citation omitted)). Absent a statute or public policy requiring coverage, the court may not use "inventive powers" to rewrite a policy to provide coverage for which the parties never contracted. *Melton v. Country Mut. Ins. Co.*, 75 S.W.3d 321, 327 (Mo. Ct. App. 2002).

    a.    **"Occurrence"**

Plaintiff argues that both Policies state that a threshold requirement for coverage is that

11

the damages at issue must be caused by an "occurrence." An occurrence is defined by the Policies as "an accident including continuous or repeated exposure to conditions, that results, during the policy period, in: a. bodily injury; or b. property damage." (Doc. 42-2 at 11; 42-3 at 11.) The term "accident" is not defined. Defendant contends that, because an intentional act is not an accident, Joseph Fernando's alleged acts were not an "occurrence" covered by the Policies.

Defendant R.K. responds that, because the meaning of "accident" is not clear under the Policies, Plaintiff cannot deny coverage on the basis that an occurrence did not take place.

In Missouri, an "accident" is defined as "that which happens by chance or fortuitously, without intention or design, and which is unexpected, unusual, and unforeseen." *Taylor-Morley-Simon, Inc. v. Michigan Mutual Insurance Co.*, 645 F. Supp. 596, 599 (E.D. Mo. 1986). Missouri courts have also defined "accident" in the context of insurance contracts as an "event that takes place without one's foresight or expectation; an undesigned sudden and unexpected event. Hence, often an undesigned and unforeseen occurrence of an afflictive or unfortunate character; a mishap resulting in injury to a person or damage to a thing; a casualty; as to die by accident." *Hampton v. Carter Enterprises, Inc.*, 238 S.W.3d 170, 175 (Mo. App. 2007). The Missouri Supreme Court has explained that the purpose of a general liability policy is to "protect against the unpredictable and potentially unlimited liability that can result from accidentally causing injury to other persons or their property" while cautioning that such policies are not intended to protect business owners against every risk of operating a business. *Columbia Mut. Ins. Co. v. Schauf*, 967 S.W.2d 74, 78 (Mo. banc 1998).

"The determinative inquiry into whether there was an 'occurrence' or 'accident' is whether the insured "foresaw or expected the injury or damages." *D.R. Sherry Constr., Ltd., Am. v. Family Mut. Ins. Co.*, 316 S.W.3d 899, 905 (Mo. banc 2010). In reviewing whether the

12

insured foresaw or expected the injury or damages, the Court applies "an objective standard—whether a reasonably prudent person would foresee this accident—instead of an analysis of ... subjective intent or expectation." *Lewellen v. Universal Underwriters Ins. Co.*, 574 S.W.3d 251, 262 (Mo. App. 2019).

The Petition in the Underlying Action asserts a single count against Joseph Fernando, titled "Negligence." (Doc. 42-1 at 11.) It alleges that Joseph Fernando "owed a duty to [C.K.] to not physically abuse or inappropriately touch [C.K.], a minor and to not allow himself to develop intimate feelings toward a minor child." *Id.* The Petition states that Joseph Fernando violated his duty to C.K. by "grooming, manipulating, sexually abusing, molesting, and communicating with [C.K.] in a sexual way," which resulted in C.K. suffering damages including emotional distress and embarrassment. *Id.*

The allegations in the Petition, although labeled "negligence," are clearly those of intentional actions. Joseph Fernando's alleged conduct of "sexually abusing," "molesting," and other intentional conduct cannot be described as "unforeseen" or "unplanned." Indeed, the Missouri Court of Appeals has held under similar circumstances that "[s]exual molestation cannot be, by its nature, an 'Occurrence' under the policy because it is not 'an accident.'" *D.M.A. v. Hungerford*, 488 S.W.3d 683, 688 (Mo. Ct. App. 2016).

The Court holds that the alleged conduct at issue in the Underlying Lawsuit cannot classify as an "accident," or therefore an "occurrence" under the Policies. Because Defendants cannot satisfy their burden of proving that the insuring agreement is satisfied by an "occurrence", American Modern is entitled to entry of summary judgment on this basis.

  **b.**  **Exclusion**

13

Moreover, even if the events described in the Underlying Case were an "occurrence," the Policies exclude coverage for the relevant claims. The Policies exclude coverage for bodily injury or property damage arising out of "physical, mental, sexual abuse or molestation, or immoral or sexual behavior" caused by "any **insured**, any employee of any **insured**, or any other person." (Doc. 42-2 at 21; Doc. 42-3 at 21.) (emphasis in original).

R.K. argues that she has "alleged and testified to numerous inappropriate acts committed by Dr. Fernando," many of which "were not sexual in nature or sexual abuse of [C.K.]." (Doc. 47 at 12.) R.K. then cites multiple examples of such non-sexual inappropriate acts. For instance, she alleges that Dr. Fernando forced C.K. to wait in his car for hours while he worked, allowed C.K. to play with BB guns in Dr. Fernando's car and point the BB guns at people, allowed C.K. to drive a vehicle without a license or permit resulting in property damage, and asked C.K. if he wanted to see pictures of circumcisions performed on patients. R.K. admits that "some intentional acts committed by Dr. Fernando may not be covered," but contends that "the multiple negligent acts committed by Dr. Fernando for unprofessional conduct are covered." *Id.*

R.K.'s argument lacks merit. The alleged non-sexual unprofessional conduct cited in R.K.'s Response is absent in the Petition. R.K. cites portions of deposition testimony in an attempt to expand her claims beyond those alleged in the Underlying Action. The duty to defend is determined by comparing the language of the Policies with "the allegations in the complaint." *Interstate Bakeries Corp,* 686 F.3d at 542. The Petition asserts a single claim against Dr. Fernando: that he violated his duty to C.K. by "grooming, manipulating, sexually abusing, molesting, and communicating with [C.K.] in a sexual way." (Doc. 42-1 at 11.) No references to BB guns, property damage, or waiting in cars are contained in the Petition.

14

Because the claims in the Underlying Action arise out of an assault, sexual abuse or molestation allegedly caused by an insured—Joseph Fernando—they are excluded from coverage. Thus, American Modern's Motion for Summary Judgment will be granted as to Defendant Joseph Fernando.

### 3. Coverage of Antoinette Fernando

Plaintiff argues that the Policies exclude coverage for the failure to supervise claim brought against Antoinette Fernando.

Defendants R.K. and Antoinette Fernando respond that the exclusion cited by Plaintiff does not apply because American Modern did not intend to exclude coverage for the negligent supervision of an injured party, but only intended to exclude coverage for negligent supervision of the person causing the harm.

The sole claim asserted against Antoinette Fernando in the Petition is titled "Count III-Negligent Supervision of Child." (Doc. 36-1 at 8.) Count III alleges that Antoinette Fernando knew of Joseph Fernando's propensity to sexually abuse minor children, had the duty to protect C.K. from sexually abusive acts while under her supervision and care, and knew or should have known that C.K. was in her home with Jospeh Fernando and was being sexually abused by Joseph Fernando. *Id.* The Petition states that Antoinette Fernando breached her duty to C.K. by failing to "properly care for and protect [C.K.] whereby Defendant Joseph Fernando was able to isolate him and have sexual contact with him," and failed to "use reasonable care in supervising the minor child, [C.K.]." *Id.* at 9.

The exclusion upon which Plaintiff relies is subsection (o) of the Special Provisions endorsement. This exclusion provides as follows:

**SECTION II- EXCLUSIONS**

15

      **1. COVERAGE E- Personal Liability and COVERAGE F- Medical Payments To Others**
The following paragraphs are added:

      **o.**  Arising out of failure to supervise or the negligent supervision of a person that results in one or more of the excluded events in **h., i.,** and **j.** above.

(Doc. 42-2 at 20-21, 61; Doc. 42-3 at 20-21, 60) (emphasis in original).

      Defendants argue that the exclusion does not apply to Antoinette because there are no allegations that she participated in the inappropriate/unprofessional conduct leading up to the sexual assault or that she participated in the sexual assaults herself.  They further argue that the exclusion is not specific in excluding claims that involve the failure to protect or supervise a child, rendering the exclusion ambiguous.  Defendants contend that "[c]learly, [Plaintiff] was not attempting to exclude coverage for the negligent supervision of an injured party but was excluding coverage for negligent supervision of an insured/person causing the harm."  (Doc. 47 at 15.)

      Defendants' arguments are unavailing.  Subsection (o) excludes claims arising out of the failure to supervise or negligent supervision of *a person* that results in an excluded event in (h).  Subpart (h), cited above, excludes "physical, mental, sexual abuse or molestation, or immoral or sexual behavior, whether caused by, at the instigation of, at the direction of, or omission by, any insured, any employee of any insured *or any other person*."  (Doc. 42-2 at 21; Doc. 42-3 at 21) (emphasis added).  As such, the clear language of the Policies excludes coverage for the negligent supervision of *any person*—**including the victim**—that results in physical, mental, sexual abuse or molestation, or immoral or sexual behavior *of any person*.  The fact that the policy language is broadly applicable does not render it ambiguous.  Rather, the unambiguous language of subdivision (o) covers the claims against Antoinette Fernando asserted in the Petition.

Thus, there is no insurance coverage for the claims of Defendant C.K. against Antoinette Fernando and Plaintiff's Motion for Summary Judgment will be granted as to Antoinette Fernando.  Because neither Antoinette Fernando nor Joseph Fernando are entitled to coverage under the Polices, summary judgment will also be granted as to R.K. and C.K.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff American Modern Property and Casualty Company's Motion for Summary Judgment (Doc. 40) is **GRANTED**.

The Court will issue a separate judgment consistent with this Memorandum and Order

        s/*Abbie Crites-Leoni*
        ABBIE CRITES-LEONI
        UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of May, 2024.